IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JARETT JOMOND BROWN, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
|   v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:12-CR-0172-SCJ-JFK |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:13-CV-3433-SCJ-JFK |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Movant, Jarett Jomond Brown, seeks via 28 U.S.C. § 2255 to challenge the constitutionality of his conviction and sentence entered in this Court under the above criminal docket number. The matter is before the Court on Movant's § 2255 motion, as amended, (Docs. 12, 17), Movant's response on whether his § 2255 motion is timely, (Docs. 14, 15), the government's response, (Doc. 18), and Movant's reply, (Doc. 22).

## I.     Discussion

Movant pleaded guilty to two counts of using a communication facility in the commission of a drug felony and voluntarily and expressly waived the right to

collaterally attack his conviction and sentence.[1]  (Doc. 3, Attach. at 1, 6).  In a Judgment and Commitment Order entered on August 29, 2012, the Court sentenced Movant to two consecutive thirty-six month terms of imprisonment.  (Doc. 10).  Movant did not appeal.  On September 28, 2013, Movant submitted for filing his § 2255 motion.[2]  (Doc. 12).

The government responds that this action should be dismissed based on Movant's appeal waiver[3] and because it is untimely.  (Doc. 18 at 6-7).  Movant states that his judgment became final fourteen days after it was entered and that the one-year limitations period should be equitably tolled during two time periods of unspecified length in approximately September 2013, when his place of incarceration was on lock

---

[1]The waiver was reviewed during Movant's guilty-plea hearing, and under oath Movant stated "Yes, Sir" when the Court asked him if he understood that he was giving up his right to collaterally attack his conviction and sentence in any post-conviction proceeding.  (Doc. 18, Ex. C at 10, 16).

[2]Generally, a prisoner filing may be deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it.  Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008) (citing Houston v. Lack, 487 U.S. 266, 276 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)).

[3]Because this action is untimely, the Court does not address the appeal waiver.

AO 72A (Rev.8/82)

down.[4] (Doc. 15 at 1-2). Movant contends that the lock down had "some effect on his timely filing of his § 2255 [motion] because he did not have access to the law library . . . ." (Doc. 22 at 2).

Under AEDPA, a one-year statute of limitations applies to § 2255 motions. Zack v. Tucker, 704 F.3d 917, 919 n.1 (11th Cir.), cert. denied, _ U.S. _, 134 S. Ct. 156 (2013). The one-year statute of limitations runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Actual innocence provides an exception, though rare, to AEDPA's time limitations. McQuiggin v. Perkins, _ U.S. _, _, 133 S. Ct. 1924, 1928

---

[4] Movant also states that there is a "concern" as to the effective date of the time limitations in the Antiterrorism and Effective Death Penalty Act (AEDPA). (Doc. 15 at 1). AEDPA became effective in 1996, well before Petitioner's convictions became final, and this matter is not further addressed. See Sweet v. Sec'y Dep't of Corr., 467 F.3d 1311, 1314 (11th Cir. 2006).

3

(2013) (stating that the petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)) (internal quotation marks omitted)). Additionally, the one-year statute of limitations is subject to equitable tolling if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011) (quoting Holland v. Florida, _ U.S. _, _, 130 S. Ct. 2549, 2562 (2010)) (internal quotation marks omitted).

As a general rule, prison lock downs are not an extraordinary circumstance. Williams v. United States, 360 F. App'x 34, 36 (11th Cir. 2010) ("Prison lockdowns and periods in which a prisoner is separated from his legal papers are not extraordinary circumstances in which equitable tolling is appropriate." (quoting Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004)) (internal quotation marks omitted)); Paulcin v. McDonough, 259 F. App'x 211, 213 (11th Cir. 2007) ("Paulcin's transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances. . . . Additionally, . . . Paulcin . . . failed to allege how his inability to obtain legal materials thwarted his efforts to file a timely

4

federal proceeding."); Sanchez v. United States, 170 F. App'x 643, 647 (11th Cir. 2006) (affirming dismissal of § 2255 motion that was filed one day too late and stating that "[p]rior to the lockdown, Sanchez had nearly eleven months . . . to file his motion and was in lockdown for only eleven days[, and] . . . he offers no explanation for why he was unable to file within that time").

Because Movant did not file a direct appeal, his federal conviction became final on September 12, 2012, fourteen days after the August 29, 2012, entry of judgment. See Fed. R. App. P. 4(b)(1)(A)(i). There is no indication in the record that § 2255(f)(2)-(4) apply,[5] and Movant's federal petition was due by September 12, 2013. As discussed below, Movant's argument that he is entitled to equitable tolling fails,[6] and his September 28, 2013, § 2255 motion is untimely by sixteen days.

Movant is not entitled to equitable tolling because he does not show an extraordinary circumstance, and, even if he did, he does not show that it prevented him from timely filing his federal petition and does not show reasonable diligence. Notwithstanding the opportunities that Movant has received to address the limitations

---

[5]There is nothing in the record to suggest that the lock downs at issue were "in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2255(f)(2).

[6]Movant presents nothing to suggest that the actual innocence exception could apply.

issue (in response to the Court's October 2013 Order to Movant and in reply to the government's December 2013 response), he has failed to provide any time frame for the alleged lock downs, and there is nothing to suggest that the two lock downs – of unspecified length in approximately September 2013 – were an extraordinary circumstance. Movant fails to explain how the lock downs and lack of access to a law library prevented him from timely filing his motion, and the Court perceives no reason why Movant needed access to a law library before submitting his September 28, 2013, motion, in which Movant states that the facts of his case are simple. (See Doc. 12). Movant alleges nothing to demonstrate that he was diligent, either during the first eleven months of the limitations period or during time which he seeks to toll – the time period in which he was in lock down.

Additionally, although the Court does not base its recommendation on whether Movant had mail access during the alleged lock downs, the Court notes that a Supervisory Correctional Systems Specialist with the Federal Bureau of Prisons has stated that "during lock-downs of the institution, all outgoing inmate mail is given directly to the housing unit officer for delivery to the mail room, and that mail room staff collects all mail and delivers it to the local postal facility each morning." United States v. Ellerman, Nos. CRV04-10017-A, CR02-10029, 2009 WL 811512, at *1

AO 72A
(Rev.8/82)

(W.D. La. Mar. 2, 2009). The above manner of handling mail for prisoners on lock down is reflected in the BOP's Program Statement 5800.16, Chap. 3.3 (Apr. 5, 2011), which states, "Staff will develop and implement local procedures for delivering and collecting mail for inmates who do not have ready access to these services (e.g., segregation, hospital). Such procedures will ensure the receipt and delivery of correspondence and mail are comparable with the rest of the inmate population." Movant alleges nothing to show lack of compliance with the above program statement at the federal facility where he is confined. Based on all of the above, Movant has not met his burden of showing that he is entitled to equitable tolling, and this action must be dismissed as untimely.

## II.    Certificate of Appealability ("COA")

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a movant must demonstrate that "reasonable jurists could debate whether (or,

AO 72A
(Rev.8/82)

for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The undersigned recommends that a COA should be denied because the decisive procedural issue, untimeliness, is not debatable. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

8

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's § 2255 motion, as amended, (Docs. 12, 17), be **DISMISSED** as untimely and that a COA be **DENIED**.

The Clerk is **DIRECTED** to withdraw the reference of the § 2255 motion to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 27th day of May, 2014.

*[signature]*

JANET F. KING
UNITED STATES MAGISTRATE JUDGE