**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JARETT JOMOND BROWN, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:12-CR-0172-SCJ-JFK |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL FILE NO. |
| | : | 1:13-CV-3433-SCJ-JFK |

**ORDER ADOPTING MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

The matter is before the Court on Movant's 28 U.S.C. § 2255 motion, as amended [12, 17], the Magistrate Judge's Final Report and Recommendation (R&R) that the motion be dismissed as untimely and that a certificate of appealability (COA) be denied [24], Movant's objections [26], and Movant's motion to supplement his objections [27].

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565

AO 72A
(Rev.8/82)

F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted).  Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).  Further, "the district court has broad discretion in reviewing a magistrate judge's report and recommendation" – the court "does not abuse its discretion by considering an argument that was not presented to the magistrate judge" and "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1290-92 (11th Cir. 2009).

**I.     Discussion**

Movant pleaded guilty to two counts of using a communication facility in the commission of a drug felony, and the Judgement and Commitment Order against Movant was entered on August 29, 2012. (Guilty Plea and Plea Agreement [3-1]; J.

AO 72A
(Rev.8/82)

[10].) Movant did not appeal. On September 28, 2013, Movant submitted for filing his § 2255 motion.[1] (Mot. to Vacate [12].)

In response to the Court's inquiry as to why his action should not be dismissed as untimely, Movant contended that the one-year limitations period should be equitably tolled during two time periods of unspecified length in approximately September 2013, when his place of incarceration was on lockdown. (Resp. [15] at 1-2.) In reply to the government's response, Movant contended that the lockdown had "some effect on his timely filing of his § 2255 [motion] because he did not have access to the law library . . . ." (Reply [22] at 2.) Movant also stated "concern" as to the effective date of the time limitations in the Antiterrorism and Effective Death Penalty Act (AEDPA). (Resp. [15] at 1.)

The Magistrate Judge summarized the relevant law:

[T]he one-year statute of limitations is subject to equitable tolling if the [Movant] "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir.

---

[1]Generally, a prisoner filing may be deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it. Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008) (citing Houston v. Lack, 487 U.S. 266, 276 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)).

2011) (quoting Holland v. Florida, _ U.S. _, _, 130 S. Ct. 2549, 2562 (2010)) (internal quotation marks omitted).

> As a general rule, prison lockdowns are not an extraordinary circumstance. Williams v. United States, 360 F. App'x 34, 36 (11th Cir. 2010) ("Prison lockdowns and periods in which a prisoner is separated from his legal papers are not extraordinary circumstances in which equitable tolling is appropriate." (quoting Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004)) (internal quotation marks omitted)); Paulcin v. McDonough, 259 F. App'x 211, 213 (11th Cir. 2007) ("Paulcin's transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances. . . . Additionally, . . . Paulcin . . . failed to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding."); Sanchez v. United States, 170 F. App'x 643, 647 (11th Cir. 2006) (affirming dismissal of § 2255 motion that was filed one day too late and stating that "[p]rior to the lockdown, Sanchez had nearly eleven months . . . to file his motion and was in lockdown for only eleven days[, and] . . . he offers no explanation for why he was unable to file within that time").

(R&R [24] at 4-5.)

The Magistrate Judge found that Movant's § 2255 motion was untimely and that he failed to show that he was entitled to equitable tolling. Specifically, the Magistrate Judge found as follows:

> Notwithstanding the opportunities that Movant has received to address the limitations issue (in response to the Court's October 2013 Order to Movant and in reply to the government's December 2013 response), he has failed to provide any time frame for the alleged lock downs, and there is nothing to suggest that the two lock downs – of unspecified length in approximately September 2013 – were an extraordinary circumstance.

4

> Movant fails to explain how the lock downs and lack of access to a law library prevented him from timely filing his motion, and the Court perceives no reason why Movant needed access to a law library before submitting his September 28, 2013, motion, in which Movant states that the facts of his case are simple. (See Doc. 12). Movant alleges nothing to demonstrate that he was diligent, either during the first eleven months of the limitations period or during time which he seeks to toll – the time period in which he was in lock down.
>
> Additionally, although the Court does not base its recommendation on whether Movant had mail access during the alleged lock downs, the Court notes that a Supervisory Correctional Systems Specialist with the Federal Bureau of Prisons has stated that "during lock-downs of the institution, all outgoing inmate mail is given directly to the housing unit officer for delivery to the mail room, and that mail room staff collects all mail and delivers it to the local postal facility each morning." United States v. Ellerman, Nos. CRV04-10017-A, CR02-10029, 2009 WL 811512, at *1 (W.D. La. Mar. 2, 2009). The above manner of handling mail for prisoners on lock down is reflected in the BOP's Program Statement 5800.16, Chap. 3.3 (Apr. 5, 2011), which states, "Staff will develop and implement local procedures for delivering and collecting mail for inmates who do not have ready access to these services (e.g., segregation, hospital). Such procedures will ensure the receipt and delivery of correspondence and mail are comparable with the rest of the inmate population." Movant alleges nothing to show lack of compliance with the above program statement at the federal facility where he is confined. Based on all of the above, Movant has not met his burden of showing that he is entitled to equitable tolling, and this action must be dismissed as untimely.

(R&R [24] at 5-7.) As to AEDPA's effective date, the Magistrate Judge found that AEDPA had become effective in 1996, well before Movant's convictions became final, and that is was unnecessary to address the matter further. (R&R [24] at 3 n.4.)

5

Movant objects (1) that the Magistrate Judge failed to address when the president actually signed AEDPA into law in 1996 and (2) that during both lockdowns no one picked up his mail. (Objections [26]; Mot. [27].)

On *de novo* review, the Court agrees with the Magistrate Judge that because AEDPA became effective in 1996, well before Movant's convictions became final, its precise effective date, i.e., the date it was signed into law by the president on April 24, 1996, is irrelevant in determining the timeliness of Movant's motion. See Mincey v. Head, 206 F.3d 1106, 1130 n.58 (11th Cir. 2000) ("We . . . take judicial notice of the fact that the President signed the AEDPA into law on the afternoon of April 24, 1996[.]"). The Court declines addressing Movant's allegations that no one picked up his mail during the lockdowns, which allegations Movant failed to raise before the Magistrate Judge notwithstanding two opportunities to address the limitations issue. See Williams, 557 F.3d at 1290-92. Otherwise the Court has reviewed the Magistrate Judge's recommendation for clear error and finds none. The Court notes that Prison lockdowns generally do not qualify as an extraordinary circumstance, that Movant failed to provide any time frame for the lockdowns at issue or explain how the lockdowns and/or lack of access to a law library prevented him from timely filing his motion, and that Movant alleges nothing to demonstrate that he was diligent, either

during the first eleven months of the limitations period or during the non-specific time which he seeks to toll.

## II. Conclusion

Accordingly,

**IT IS ORDERED** that Movant's motion to supplement his objections [27] is **GRANTED**.

**IT IS ORDERED** that Plaintiff's objections, as supplemented [26, 27], are **OVERRULED** and that the Magistrate Judge's Final Report and Recommendation [24] is **ADOPTED** as the Order of the Court.

**IT IS FURTHER ORDERED** that the § 2255 motion, as amended [12, 17], and a certificate of appealability are **DENIED** and that this action is **DISMISSED**.

**IT IS SO ORDERED** this 24th day of June, 2014.

s/Steve C. Jones
STEVE C. JONES
UNITED STATES MAGISTRATE JUDGE